IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION

**Name:** William Clements                                    Case
      76 East US Highway 6
      Valparaiso, Indiana 46383

## CHAPTER 13 PLAN

### A. PLAN PAYMENTS

Debtor(s) shall pay to the Trustee $220.00 per month. Total plan length shall run approximately 60 months.

Debtor(s) submit all or such portion of future earnings or future income to the control of the Trustee as is necessary for the execution of the Plan. **Plan payments are to commence not later than 30 days from the date of the filing of the Debtor's case.**

### B. DISBURSEMENTS MADE BY THE CHAPTER 13 TRUSTEE

1. **Class One – Administrative Expenses:**

   Trustee fees as determined by statute and set by the United State Trustee.

   Attorney fees and costs: Attorney's fees will be paid after Class Two, Four, and Five monthly payments are post-petition current. The fees for this case are $2,800 of which $40 was paid prior to filing leaving an estimated balance of $2,760. **These fees do not include the cost of any adversary suit including suits to determine dischargeability or to determine the validity of a mortgage or secured debt.**

2. **Class Two Continuing Claims:** This class includes secured claims on which the last payment is due beyond the length of the Plan. The Trustee shall adjust the monthly payment to such creditors after notification of such change by the creditor to the Chapter 13 Trustee, the Debtor and the Debtor's counsel. For the purpose of good faith, the debtor has estimated the amount of monthly payments below. Monthly payment will be paid as stated on the allowed proof of claim.

| CREDITOR | ADDRESS OF COLLATERAL | ESTIMATED MONTHLY PAYMENT |
|---|---|---|
| NONE | | |

**Debtor shall make all class two payments through the Trustee's Office. Payments to class two creditors shall begin following confirmation unless the court issues an order to the contrary.**

3. **Class Three – Pre -Petition Arrearage on Continuing Claims 11 U.S.C. §1322(b) (5)** To the extent the claim and the Plan conflict, the Trustee shall pay the actual arrearage on any secured debt as stated in the allowed proof of claim. This class will be paid pro-rata after classes One, Two, Four and Five.

| Creditor | Address of Collateral | Estimated Arrears | Interest Rate |
|---|---|---|---|
| NONE | | | |

4. **Class Four – Secured Claims Subject to a Reduction (Cram Down):** Class Four creditors shall be paid the replacement value of their collateral, retain their liens until discharge or payment in full. To the extent that the filed proof of claim conflicts with the confirmed Plan, the Trustee shall pay the claim pursuant to the Plan provisions with the remaining amount under the claim treated as a General Unsecured Claim.

| Creditor | Value | Interest Rate | Monthly Payment |
|---|---|---|---|

**The allowed secured claim of Capital One (secured by vehicle) shall be paid a fair market value of $8,500 at an interest of 5%. Preconfirmation payments shall be $20 and post-confirmation payments shall be $165.00.**

Debtor shall pay all statutory adequate protection payments through the Trustee's Office. Adequate protection payments to secured creditors shall begin following confirmation unless the court issues an order to the contrary. **FAILURE TO OBJECT TO THIS TREATMENT OF CLASS FOUR CLAIMS WILL BE DEEMED ACCEPTANCE OF THIS PLAN AS TO VALUE, PAYMENT AND INTEREST RATE.**

5. **Class Five – Property Tax Claims**

    Creditors that have allowed secured claims for pre-petition real estate taxes shall be paid as follows:

    The creditor shall retain the lien on the subject real state securing such tax claims and to the extent that the taxes are not paid timely doing the bankruptcy, upon notice to the Trustee, the estate shall pay the remaining portion of the secured claim through the Trustee. Debtor will then have the duty to increase their payments to provide for the additional claim. Such claims shall be paid after class One, Two and Four Debts but before Class Three and Class Six through Nine Debts. Class Five Debts shall be paid at a zero percent (0%) interest rate.

    | COUNTY | ADDRESS |
    |---|---|
    | NONE | |

6. **Class Six – Secured Creditors Whose Liens are Avoided or Stripped**

    Class Five creditors were secured at one time, including the time of filing, have liens that will be stripped and voided by the completion of the Debtor's plan. The value of the Creditor's interest in the property secured by its lien is nothing (0). The secured status of the creditors set forth below shall be, upon discharge, completely stripped away by 11 U. S. C. §506, and voided by 11 U.S.C.§506 (f) and pursuant to 11 U.S.C. §11 U.S.C. 1327(c), the Debtor's property shall be free and clear of all said pre-petition liens listed below. Class Five creditors shall only have a general unsecured claim provided that the creditor files a timely proof of claim. In the event the creditor fails to file a timely proof of claim, it shall be paid nothing.

    | Creditor | Cause Number | Date of Judgment | Amount of Judgment |
    |---|---|---|---|

    | Property Secured | Value | Amount of Exemption |
    |---|---|---|
    | NONE | | |

7. **Class Seven – Priority Unsecured Claims 11 U.S.C. §1322 (a) (2):** All allowed priority claims entitled to priority under 11 U.S.C. §507 shall be paid in full during the term of the Plan unless the holder of a particular claim agrees to a different treatment of such claim. This class will be paid pro-rata after Class Two Administrative Claims and Class Three Secured Claims are paid in full. Claims under 11 U.S.C. §507(a)(1)(B) shall not be paid in full if the Debtor(s) apply all projected disposable income towards plan payments for a period of sixty months. These claims include the allowed priority debts filed by the Indiana Department of Revenue and the federal Internal Revenue Service.

8. **Class Eight – Special Unsecured Claims:**

    These debts shall be paid before general unsecured claims.

    Interest on non-dischargeable debts, including student loans, pursuant to 11 U.S.C. §1322(b)(10)

    Debtor proposes payment for the following debts to preserve the co-debtor stay provided by 11 U.S.C. §1301: **NONE** This Debt shall be paid concurrently with priority debts.

9. **Class Nine – General Unsecured Creditors**: To meet the best interest of creditors' test, the means test and/or the disposable income test, the General Unsecured Creditors shall receive not less than: _ nothing beyond that amount resulting from excessive tax refunds to be distributed pro rata ____. Any funds remaining after claims One through Eight are paid as set forth above, shall be distributed to allowed unsecured claims, pro-rata.

## C. PAYMENTS DIRECTLY BY DEBTOR TO CREDITORS

**Executory Contracts and/or unexpired leases**

The debtor assumes the following executory leases: **NONE**   Payments made on an assumed executory contact stated in the Debtor's plan shall be made through the Trustee and paid as a class Two Debt and shall begin upon filing and paid upon confirmation.  Debtor shall cure all defaults on accepted executory contracts before the term of the Debtor's plan.

The debtor rejects the following executory leases:

Those executory contracts and/or unexpired leases not listed herein are rejected. The automatic stay shall be lifted with respect to these leases and or contracts upon confirmation of the Plan with respect to any rejected executory contract or unexpired lease assumed that is to be paid directly by the Debtor.

## D. PROPERTY SURRENDERED

**Surrender of Collateral.**  The Debtor(s) will surrender the Debtor's interest in the following collateral to the corresponding creditor:_**NONE**_____. After the surrender of the collateral any deficiency still owing the creditor shall be paid as an unsecured claim under the provisions for general unsecured creditors provided that the creditor files a subsequent claim for the deficiency owed. Upon the entry of the order confirming this Plan, the automatic stay imposed by 11 U.S.C. §362(a) shall be terminated pursuant to 11 U.S. C. §362(d) without further hearing or order. If the property is not subject to 11U.S.C. §1325(a) (9), the creditor may file a deficiency claim after sale, which if allowed would be treated as a General Unsecured Claim as above.

## E. GENERAL PROVISIONS

1. Upon confirmation of the Plan, all property listed in the Debtor's schedules shall vest in the debtor.
2. Debtor will file a Motion to Hire Counsel and Motion to Compromise for all causes of action held by the Debtor in existence at the time of the filing of the Debtor(s)' petition.
3. To receive distributions from the Trustee under this plan all creditors must file a proof of claim with the bankruptcy court. Debtor reserves the right to object to claims post-confirmation.
4. Upon the entry of an order lifting stay, no distributions shall be made to the secured creditor until such time as an allowed proof of claim is made for a deficiency claim and is filed with the court.
5. Secured Claims will be paid the value listed in the Plan or the value of the collateral listed in the proof of claim – whichever is less.
6. It is the Debtor's intent to provide for every claim unless specifically stated otherwise. Unless the claim is set forth specifically in this Plan as a secured claim, the Debtor is purposefully classifying the claim as unsecured and it will be treated as an unsecured claim despite a belief or assertion that it is a secured claim. Accordingly, the creditor must either timely object to the confirmation of this

Plan, or be deemed to have accepted this Plan's treatment of the Claim as provided herein.

7. Debtor agrees to maintain all insurance required by law and contact upon any of the Debtor's property and especially property securing debt.
8. The debtor(s) will turn over to the Chapter 13 Trustee a copy of any federal and state tax returns filed by the debtor during each year of this plan.
9. **Debtor has changed his deductions to accurately reflect their tax exemptions as provided in Form W-4, as amended, and issued by the Federal Internal Revenue Service and the related form issued by the Indiana Department of Revenue.** Debtor(s) shall contribute towards plan payments, tax refunds in excess of $750.00 per year (whether one debtor or two debtors file this plan) and received during the first 36 months of the Debtor's plan. No provision is made to contribute any child tax credit or earned income credit. The funds shall be used for the benefit of unsecured creditors, but after the payment of Class 1 through 5 claims.
10. The rights of holder of claims secured by a mortgage on real property, proposed to be cured under this plan, shall be modified only to the extent paying the amounts allowed and as stated in the Creditor's proof of claim and while making all required post-petition principal, interest, and escrow payments, shall result in the full reinstatement of the mortgage according to it original terms, extinguishing any right of the mortgage holder to recover any amount alleged to have arisen prior to or during the pendency of this case, other than costs of collection and post-petition costs and fees as stated below: **NONE**
11. Post petition claims filed under 11 U.S.C. §1305 may be provided for and paid under this plan.
12. In the event the Debtor(s) completes the terms of this plan by fully paying the debts set forth here (with the exception of general unsecured creditors which shall have no set payment and may be paid nothing) in accordance with the confirmation of this plan after the 36th month, but before the end of the plan's proposed term, then the Debtor(s)' plan shall be deemed fully paid and completed.

Each undersigned person certifies under penalty of perjury that they have read the foregoing petition and plan, and attached Schedules, and that the matters contained therein are true and correct.

_/s/_ 
William Clements                                    Dated: 2-15-16

_____/s/_____
David M. Dabertin, Attorney for Debtor
5246 Hohman Avenue, Suite 302
Hammond, Indiana 46320
(219) 937-1719